UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

JIAN CAO,

    Plaintiff,

vs.                                            CASE NO.:

FLORIDA ATLANTIC UNIVERSITY
BOARD OF TRUSTEES,

    Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, JIAN CAO ("CAO"), sues Defendant, FLORIDA ATLANTIC UNIVERSITY BOARD OF TRUSTEES ("FAU"), and in support thereof states:

## JURISDICTION AND PARTIES

1. This action seeks damages and other relief for violations of Title VII of the Civil Rights Act of 1964, as amended, 42 USC § 2000e et seq.

2. This claim arose in Palm Beach County, Florida, and thus venue is appropriate in this Court.

3. Plaintiff, JIAN CAO, is an Asian female of Chinese national origin and at all times material hereto was employed by the Defendant, FAU, as an Associate Professor in the School of Accounting.

4. Defendant, FAU, is a public four-year university of the State of Florida University System with its principle place of business in Boca Raton, and within the jurisdiction of this Court. FAU, at all times material hereto, was Plaintiff's employer.

5. Declaratory, injunctive, equitable relief, lost wages, salary, employment benefits and other compensatory damages are sought pursuant to 42 U.S.C. § 12117 and 42 U.S.C. 2000e-5. Costs and attorney's fees may also be awarded pursuant to 42 U.S.C. § 2000e-5(k).

6. Jurisdiction is conferred on this Court by Title 28 U.S.C. § 1331 and 2343(4) and 42 USC § 2000e-5(f).

7. Plaintiff has exhausted any and all available administrative remedies or doing so would be futile. Plaintiff previously filed a Charge of Discrimination with the Equal Employment Opportunity Commission on or about January 4, 2022 and then an Amended Charge of Discrimination on hich was amended on August 19, 2022. Plaintiff's Dismissal and Notice of Rights were issued on June 16, 2023, a copy of which is attached hereto as Exhibit "A".

## FACTS COMMON TO ALL COUNTS

8. Plaintiff was first employed by Defendant, FAU, in 2007 as an Assistant Professor.

9. In 2014, Plaintiff received tenure and was promoted to Associate Professor.

10. Throughout her employment, Plaintiff received positive reviews based on her performance in research, teaching, and service areas. Additionally, she received internal and external recognition for contributions to the College of Business in all areas, including metrics of research productivity, as well as contributions to her professional activities related to her position as an Associate Professor

11. In 2020, Plaintiff applied for Full Professorship based on the fact the she not only met, but exceeded the established written criteria to receive this promotion.

12. On April 15, 2021, Plaintiff was advised that her application for Full Professor was being denied. Plaintiff appealed the denial of her promotion through FAU's internal process to no avail.

13. It is important to note that there is no "vacancy or limited number of employees" that can be promoted to Full Professor. Rather it is based on having met certain criteria.

14. Thus, while not directly competing with colleagues for the promotion to full professor, a colleague of Plaintiff who applied at the same time, received the promotion to Full Professor despite the fact that he had lower qualifications than Plaintiff as well as not meeting the established written criteria. Plaintiff's colleague that received the promotion was a white male, who was neither Asian nor of Chinese national origin.

15. There was no valid or consistent validation in the denial of Plaintiff's promotion to Full Professor.

16. Subsequent to Plaintiff's filing of her initial charge of discrimination on January 4, 2022, she did not receive her Sustained Performance Evaluation for 2021, which would have been due in 2022. There was no justification for this delay. Had she received this review in a timely manner, she would have been entitled to a 3% salary increase.

## COUNT I - VIOLATION OF THE CIVIL RIGHTS ACT OF 1964
### Sex Discrimination

17. Plaintiff repeats and realleges paragraphs 1 through 16 as if stated fully herein.

18. Plaintiff was denied promotion to Full Professor despite meeting and in fact exceeding all written criteria. Another similarly situated male Associate Professor who had

markedly lower criteria was promoted to Full Professor.

19. As a result, Plaintiff has been subjected to discrimination on the basis of her sex in violation of Title VII.

20. As a direct and proximate result of the foregoing, Plaintiff has suffered, is now suffering, and will continue to suffer, serious loss in reputation, career development and career momentum. As a direct and proximate result of such actions, Plaintiff has been, is being and will in the future, be deprived of income in the form of wages and of prospective benefits due to the Plaintiff solely because of Defendant's conduct.

WHEREFORE, Plaintiff demands judgment for damages against Defendant, including but not limited to the following:

a. a declaration that the acts and practices complained of herein are in violation of Title VII;

b. enjoining and permanently restraining these violations of Title VII;

c. directing Defendant to place Plaintiff in the position she would have occupied but for Defendant's discriminatory treatment of her, and making her whole for all earnings and other benefits she would have received but for Defendant's discriminatory treatment, including but not limited to wages, pension, and other lost benefits;

d. compensatory damages for past, present and future suffering due to loss of reputation and career prospects;

e. awarding Plaintiff the costs of this action together with reasonable attorney's fees, as provided by Title VII;

f. trial by jury; and

g. such other relief as the court deems proper.

## COUNT II - VIOLATION OF THE CIVIL RIGHTS ACT OF 1964
### Race Discrimination

20. Plaintiff repeats and realleges paragraphs 1 through 16 as if stated fully herein.

21. Plaintiff was denied promotion to Full Professor despite meeting and in fact exceeding all written criteria. Another similarly situated non-Asian Associate Professor who had markedly lower criteria was promoted to Full Professor.

22. As a result, Plaintiff has been subjected to discrimination on the basis of her race in violation of Title VII.

23. As a direct and proximate result of the foregoing, Plaintiff has suffered, is now suffering, and will continue to suffer, serious loss in reputation, career development and career momentum. As a direct and proximate result of such actions, Plaintiff has been, is being and will in the future, be deprived of income in the form of wages and of prospective benefits due to the Plaintiff solely because of Defendant's conduct.

WHEREFORE, Plaintiff demands judgment for damages against Defendant, including but not limited to the following:

a. a declaration that the acts and practices complained of herein are in violation of Title VII;

b. enjoining and permanently restraining these violations of Title VII;

c. directing Defendant to place Plaintiff in the position she would have occupied but for Defendant's discriminatory treatment of her, and making her whole for all earnings and other benefits she would have received but for Defendant's discriminatory treatment,

Teri Guttman Valdes LLC • 1501 Venera Avenue, Suite 300 • Coral Gables, Florida 33146 • Phone: (305) 740-9600 • Fax: (305) 740-9202

including but not limited to wages, pension, and other lost benefits;

    d.    compensatory damages for past, present and future suffering due to loss of reputation and career prospects;

    e.    awarding Plaintiff the costs of this action together with reasonable attorney's fees, as provided by Title VII;

    f.    trial by jury; and

    g.    such other relief as the court deems proper.

## COUNT III - VIOLATION OF THE CIVIL RIGHTS ACT OF 1964
### National Origin Discrimination

24.    Plaintiff repeats and realleges paragraphs 1 through 16 as if stated fully herein.

25.    Plaintiff was denied promotion to Full Professor despite meeting and in fact exceeding all written criteria. Another similarly situated Associate Professor, who was not of Chinese national origin and who had markedly lower criteria was promoted to Full Professor.

26.    As a result, Plaintiff has been subjected to discrimination on the basis of her national origin in violation of Title VII.

27.    As a direct and proximate result of the foregoing, Plaintiff has suffered, is now suffering, and will continue to suffer, serious loss in reputation, career development and career momentum. As a direct and proximate result of such actions, Plaintiff has been, is being and will in the future, be deprived of income in the form of wages and of prospective benefits due to the Plaintiff solely because of Defendant's conduct.

WHEREFORE, Plaintiff demands judgment for damages against Defendant,

Teri Guttman Valdes LLC • 1501 Venera Avenue, Suite 300 • Coral Gables, Florida 33146 • Phone: (305) 740-9600 • Fax: (305) 740-9202

including but not limited to the following:

    a.    a declaration that the acts and practices complained of herein are in violation of Title VII;

    b.    enjoining and permanently restraining these violations of Title VII;

    c.    directing Defendant to place Plaintiff in the position she would have occupied but for Defendant's discriminatory treatment of her, and making her whole for all earnings and other benefits she would have received but for Defendant's discriminatory treatment, including but not limited to wages, pension, and other lost benefits;

    d.    compensatory damages for past, present and future suffering due to loss of reputation and career prospects;

    e.    awarding Plaintiff the costs of this action together with reasonable attorney's fees, as provided by Title VII;

    f.    trial by jury; and

    g.    such other relief as the court deems proper.

### COUNT IV - VIOLATION OF THE CIVIL RIGHTS ACT OF 1964
**Retaliation**

28.    Plaintiff repeats and realleges paragraphs 1 through 16 as if stated fully herein.

29.    Subsequent to the initial filing of Charge of Discrimination with the EEOC, Plaintiff's Sustained Performance Evaluation was unjustifiably delayed. No valid reason existed for the delay of Plaintiff's Sustained Performance valuation, which would haved resulted in a 3% salary increase.

30.    As a result, Plaintiff has been subjected to retaliation in violation of Title VII.

Teri Guttman Valdes LLC • 1501 Venera Avenue, Suite 300 • Coral Gables, Florida 33146 • Phone: (305) 740-9600 • Fax: (305) 740-9202

31. As a direct and proximate result of the foregoing, Plaintiff has suffered, is now suffering, and will continue to suffer, serious loss in reputation, career development and career momentum. As a direct and proximate result of such actions, Plaintiff has been, is being and will in the future, be deprived of income in the form of wages and of prospective benefits due to the Plaintiff solely because of Defendant's conduct.

WHEREFORE, Plaintiff demands judgment for damages against Defendant, including but not limited to the following:

a. a declaration that the acts and practices complained of herein are in violation of Title VII;

b. enjoining and permanently restraining these violations of Title VII;

c. directing Defendant to place Plaintiff in the position she would have occupied but for Defendant's discriminatory treatment of her, and making her whole for all earnings and other benefits she would have received but for Defendant's discriminatory treatment, including but not limited to wages, pension, and other lost benefits;

d. compensatory damages for past, present and future suffering due to loss of reputation and career prospects;

e. awarding Plaintiff the costs of this action together with reasonable attorney's fees, as provided by Title VII;

f. trial by jury; and

g. such other relief as the court deems proper.

## DEMAND FOR JURY TRIAL

WHEREFORE, Plaintiff, CAO, submits this demand for jury trial for all issues triable of right by a jury pursuant to Rule 38, Fed. R. Civ. P.

Respectfully submitted,

TERI GUTTMAN VALDES LLC
Counsel for Plaintiff
1501 Venera Avenue, Suite 300
Coral Gables, Florida 33146
Telephone: (305) 740-9600

By: _____
Teri Guttman Valdes
Florida Bar No. 0010741

-9-

Teri Guttman Valdes LLC • 1501 Venera Avenue, Suite 300 • Coral Gables, Florida 33146 • Phone: (305) 740-9600 • Fax: (305) 740-9202