UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 23-CV-81251-MIDDLEBROOKS

JIAN CAO,

    Plaintiff,

v.

FLORIDA ATLANTIC UNIVERSITY
BOARD OF TRUSTEES,

    Defendant.

_____/

## ORDER ON MOTION TO DISMISS

THIS CAUSE comes before the Court upon the Defendant's Motion to Dismiss Plaintiff's Amended Complaint, filed November 9, 2023. (DE 17). Plaintiff responded in opposition to the Motion on November 27, 2023, (DE 19), and Defendant replied on December 11, 2023. (DE 23). For the following reasons, I will grant the Motion.

### I. FACTUAL BACKGROUND

Because this cause comes before the Court on a Motion to Dismiss, I accept all facts in the Plaintiff's well-pleaded complaint as true and construe them in the light most favorable to the Plaintiff. *See Jackson v. BellSouth Telecomms.*, 372 F.3d 1250, 1262 (11th Cir. 2004). Further, this Court favors the Plaintiff with all reasonable inferences from the allegations in the Complaint. *Stephens v. Dep't of Health & Human Servs.*, 901 F.2d 1571, 1573 (11th Cir. 1990).

Plaintiff, Jian Cao, is an Asian female of Chinese national origin. Defendant Florida Atlantic University ("FAU") employed Plaintiff as an Associate Professor in the School of Accounting beginning in 2007. Starting in 2014, Plaintiff received tenure and was promoted to

Associate Professor. Throughout her time as a professor, Plaintiff received positive reviews based on her performance in research, teaching, and service areas. She also received both internal and external recognition for her contributions to the FAU College of Business. In 2020, Plaintiff applied for a full professorship position. She applied with the understanding that she exceeded the established written criteria to receive the promotion.

On April 15, 2021, Defendant advised Plaintiff that her application had been denied. She appealed the denial of the promotion to no avail. In contrast, one of Plaintiff's colleagues received the promotion to "Full Professor." That individual—who was subject to the same promotional criteria, policies, and decision-makers—had lower qualifications for the position than Plaintiff. Further, the individual did not meet the specific, established, written criteria for the promotion. However, Plaintiff's colleague was a white male that was neither Asian nor of Chinese national origin.

In January 2022, Plaintiff filed an initial charge of discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC"). She filed an Amended Charge of Discrimination with the EEOC on August 19, 2022. Her Dismissal and Notice of Rights were issued on June 16, 2023. (DE 10-1).[1] During the pendency of that investigation, Plaintiff was due consideration for her "Sustained Performance Evaluation." Such an evaluation is the University's periodic review of tenured faculty that occurs every seven years. In this case, because Plaintiff received tenure in 2007, Plaintiff's performance review should have been conducted by May 2022. She did not receive the review in a timely manner. Accordingly, she failed to be entitled to a 3 percent salary increase that would have been effective August 2022.

---

[1] Plaintiff represents, and I assume as true, that the attached exhibit to the Amended Complaint is Her Dismissal and Notice of Rights. However, the document is inaccessible on CM/ECF as an unsupported or damaged file.

2

## II. **DISCUSSION**

Plaintiff asserts four counts of discrimination against Defendant in her Amended Complaint. As relevant to this Motion, Count IV alleges a violation of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e-3(a) ("Title VII"), for retaliation. The Amended Complaint alleges that there was no reason for the delay of her performance evaluation during the pendency of the EEOC's investigation, and as a direct result of this delay, she has been deprived of income she would have otherwise been eligible for. Defendant moves to dismiss Plaintiff's retaliation claim under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted.

A motion to dismiss under Rule 12(b)(6) challenges the legal sufficiency of the allegations in a complaint. Fed. R. Civ. P. 12(b)(6). In assessing legal sufficiency, the Court is bound to apply the pleading standard articulated in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). That is, the complaint "must . . . contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1289 (11th Cir. 2010) (quoting *Twombly*, 550 U.S. at 570). "Dismissal is therefore permitted when on the basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action." *Glover v. Liggett Grp., Inc.*, 459 F.3d 1304, 1308 (11th Cir. 2006) (internal quotations omitted).

Title VII prohibits retaliation against an employee because "[s]he has opposed any practice made an unlawful employment practice by [Title VII], or because [s]he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter." 42 U.S.C. § 2000(e)-3(a). To survive a motion to dismiss, Plaintiff must plead sufficient facts that, when taken as true, show "(1) she engaged in statutorily protected activity,

3

(2) an adverse employment action occurred, and (3) the adverse action was causally related to the plaintiff's protected activities." *Gregory v. Georgia Dep't of Hum. Res.*, 355 F.3d 1277, 1279 (11th Cir. 2004) (citing *Little v. United Technologies, Carrier Transicold Div.*, 103 F.3d 956, 959 (11th Cir. 1997)). Further, a plaintiff must "plausibly allege that the decision-makers were aware of the protected conduct, and that the protected activity and the adverse action were not wholly unrelated." *Martin v. Fin. Asset Mgmt. Sys., Inc.*, 959 F.3d 1048, 1053 (11th Cir. 2020) (internal citations omitted).

Defendant argues that Plaintiff has failed to identify any decision-maker that delayed her annual performance evaluation, any facts identifying that a decision-maker was aware of her protected conduct, or an adequate causal connection between her protected activity and the adverse decision. Here, Plaintiff's Complaint demonstrates that she engaged in the protected activity of filing a claim of discrimination before the EEOC. And she pleads facts showing that she did not receive a timely performance evaluation to potentially earn a 3 percent raise.[2]

However, Plaintiff pleads no facts demonstrating that the filing of her EEOC complaint caused the decision to delay her performance evaluation. Indeed, Plaintiff fails to identify any decision-maker who affirmatively chose to delay the evaluation, nor does Plaintiff show that the

---

[2] For the purposes of this Motion, I am assuming, without deciding, that a deferred performance evaluation delaying an employee's chance at receiving a raise, as opposed to a negative performance evaluation denying a raise, is an "adverse action" under the statute. *See Gillis v. Georgia Dep't of Corr.*, 400 F.3d 883, (11th Cir. 2005) ("[A] poor performance evaluation that directly results in the denial of a pay raise of any significance clearly affects an employee's compensation and thus constitutes an adverse employment action."), *with Crawford v. Carroll*, 529 F.3d 961, 970 (11th Cir. 2008) ("[C]onduct falling short of an ultimate employment decision must, in some *substantial* way, 'alter[ ] the employee's compensation, terms, conditions, or privileges of employment, deprive him or her of employment opportunities, or adversely affect [ ] his or her status as an employee.'") (emphasis added). I assume without deciding that it is an adverse action because I am dismissing the Complaint for failure to plead any facts demonstrating that such an action occurred *because of* the Plaintiff's protected activity.

4

decision would not have occurred but for "the desire to retaliate." *Univ. of Texas Sw. Med. Ctr. v. Nassar*, 570 U.S. 338, 352 (2013). To the contrary, Plaintiff pleads that "no valid reason existed for the delay," and that "[a]s a direct and proximate result . . ., Plaintiff has suffered, is now suffering, and will continue to suffer." (*Id.*). Such a conclusory statement is nothing more than an "unadorned, the-defendant-harmed-me accusation." *Iqbal*, 556 U.S. at 678.

It is true that a retaliatory purpose can be inferred from the pleadings when the protected activity is followed very closely in time by the adverse decision. *See Thomas v. Cooper Lighting, Inc.*, 506 F.3d 1361, 1364 (11th Cir. 2007). In this case, Plaintiff filed her EEOC complaint in January 2022, and alleges that her performance review was supposed to occur in May 2022, four months later.. But even assuming that a four-month delay between the protected activity and the adverse decision could be enough to infer a retaliatory motive, which I doubt, *see Higdon v. Jackson*, 393 F.3d 1211, 1220 (11th Cir. 2004) ("We have held that a period as much as one month between the protected expression and the adverse action is not too protracted."), Plaintiff has still failed to plead any other fact from which I could infer a retaliatory motive. *See Thomas*, 506 at 1364. ("A three to four month disparity between the statutorily protected expression and the adverse employment action is not enough. Thus, in the absence of other evidence tending to show causation . . ., the complaint of retaliation fails as a matter of law."). As it stands now, the protected action and the adverse employment action appear "wholly unrelated." *See Martin*, F.3d at 1053. Accordingly, I will dismiss Plaintiff's retaliation claim.

### III. CONCLUSION

1) Based on the foregoing, it is hereby **ORDERED AND ADJUDGED** that Defendant's Motion to Dismiss Count IV of Plaintiff's Amended Complaint (DE 17) is **GRANTED**.

5

2) Count IV is **DISMISSED WITHOUT PREJUDICE**. From the record before me, I question whether the pleading deficiencies identified in this Order are capable of being cured. However I am unable to determine if amendment would be futile, therefore I will grant leave to amend.[3] Accordingly, should Plaintiff wish to file a Second Amended Complaint *as to Count IV only*, she must file it by **April 4, 2024.** If no Amended Complaint is filed, then the Amended Complaint shall continue to be the operative complaint, as modified by this Order.

**SIGNED** in Chambers in West Palm Beach, Florida, this 28 day of March, 2024.

DONALD M. MIDDLEBROOKS
UNITED STATES DISTRICT JUDGE

Copies to: Counsel of Record

---

[3] I note that Plaintiff expressly requested leave to amend should Defendant's motion be granted. (DE 19 at 2).

6