UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 9:23-CV-81251-DMM

JIAN CAO,

    Plaintiff,

vs.

FLORIDA ATLANTIC UNIVERSITY
BOARD OF TRUSTEES,

    Defendant.
_____/

## DEFENDANT'S MOTION TO ENFORCE SETTLEMENT

Defendant, FLORIDA ATLANTIC UNIVERSITY BOARD OF TRUSTEES ("FAU"), by and through undersigned counsel, pursuant to the Federal Rules of Civil Procedure and this Court's Paperless Order [D.E. #33], hereby files this Motion to Enforce Settlement Agreement and Incorporated Memorandum of Law and states:

1. This case is based on allegations of discrimination and retaliation arising from Plaintiff's employment with Defendant. The operative Amended Complaint was filed on October 26, 2023 and alleged four (4) counts pursuant to Title VII against the Defendant. [D.E. # 10].

2. The parties attended mediation on March 28, 2024. No settlement was reached resulting in an *impasse*. [D.E. # 31]. Post-mediation, counsel for the Plaintiff and Defendant entered into further settlement negotiations in this matter.

3. On March 28, 2024, the parties agreed to all material terms of a settlement agreement. The negotiated and agreed upon terms of the agreement included plaintiff's execution of a full general release and settlement agreement with a non-disparagement clause and dismissal of the claims with prejudice, among other things, in exchange for $5,000 in back-pay damages, $20,000

in attorneys' fees and costs, plus the payment of the mediation fees. Plaintiff's counsel confirmed Plaintiff's agreement to settlement terms. Defendant's counsel relied on Plaintiff's counsel's representations that the parties had entered into a valid and enforceable settlement agreement, confirmed by the Plaintiff. *See* Exhibit 1. Moreover, the provision of non-disparagement clause was specifically discussed. Plaintiff requested the provision be mutual but ultimately agreed to settlement with a unilateral non-disparagement clause.

4. Pursuant to S.D. Local Rules 16.2(f)(2) and 16.4 and this Court's Scheduling Order [D.E. #9], the Parties filed a Joint Notice of Settlement on April 3, 2024 [D.E. #32]. The Court entered an Order requiring the Parties to file closing documents on or before April 15, 2024 [D.E. #33].

5. The undersigned reduced the settlement agreement to writing and forwarded same to Plaintiff's counsel.[1] The non-disparagement clause used in the settlement agreement is the standard language used in FAU's settlement agreements handled by the undersigned in recent years as well as other State University System ("SUS") clients which all are monitored by the Risk Management Division of the Florida Department of Financial Services. On April 5, 2024, Plaintiff's attorney presented a revised non-disparagement clause in the settlement agreement which *deleted* the entire first line of the clause. *See* Exhibit 2. Defendant did not agree to the Plaintiff's revisions. However, on April 8, 2024, the undersigned presented a revised non-

---

[1] The non-disparagement clause initially proposed was: "Plaintiff agrees to not communicate to any person(s) or entities any information or opinion which could be construed as a negative comment about the Defendant or any of its present or former officers, directors, trustees, employees, agents, or representatives, or which may have the effect of placing said parties in a negative or unflattering light. It is also agreed that Plaintiff will not criticize or make any disparaging or defamatory remarks about the Defendant or any of its officers, directors, trustees, employees, agents, or representatives.  A violation of the non-disparagement clause may give rise to irreparable injury to FAU, inadequately compensable in damages. The Defendant may seek and obtain immediate injunctive relief against the breach or threatened breach of the foregoing, in addition to any other legal remedies which may be available, and which legal remedies are not waived by the Defendant seeking injunctive relief."

disparagement clause limiting the non-disparagement clause solely to the claims in the lawsuit. *See* Exhibit 3.[2] Then on April 11, 2024, the undersigned provided samples of prior settlement agreements to demonstrate the same standard language used in other FAU settlement agreements, to make the Plaintiff more comfortable with the language. *See* Exhibit 4.

6.      Consistent with S.D. Fla. Local Rule 7.1, on April 12, 2024, Plaintiff's counsel indicated that her client will not sign the release and settlement agreement due to the non-disparagement provision presented and to proceed with the filing of this motion. *See* Exhibit 5. Therefore, the parties conferred on the motion, but counsel for Plaintiff objects to the relief requested.

7.      Based on the Agreement that the parties entered into, Defendant requests that the Court enter an Order enforcing the settlement agreement and requiring the Plaintiff to execute and deliver to the Defendant the General Release and Settlement Agreement, inclusive of FAU's standard language for the non-disparagement clause, and any other relief deemed appropriate.

## **MEMORANDUM OF LAW**

Under federal law, the District Courts have "inherent power to summarily enforce settlement agreements entered into by parties litigant in a pending case." *Stratos v. AIG Prop. Cas. Co.*, No. 21-CV-23018, 2023 WL 5956912, at *9 (S.D. Fla. Sept. 12, 2023) (citing *Ford v.*

---

[2] The revised proposed language was: "Plaintiff agrees to not communicate to any person(s) or entities any information or opinion which could be construed as a negative comment about the Defendant or any of its present or former officers, directors, trustees, employees, agents, or representatives, or which may have the effect of placing said parties in a negative or unflattering light regarding the matters underlying the claims in the subject lawsuit, *Jian Cao v. Florida Atlantic University Board of Trustees*, Case No. 9:23-cv-81251-DMM in the United States District Court Southern District of Florida. It is also agreed that Plaintiff will not criticize or make any disparaging or defamatory remarks about the Defendant or any of its officers, directors, trustees, employees, agents, or representatives arising from any claims in the subject lawsuit referenced above.  A violation of the non-disparagement clause may give rise to irreparable injury to FAU, inadequately compensable in damages. The Defendant may seek and obtain immediate injunctive relief against the breach or threatened breach of the foregoing, in addition to any other legal remedies which may be available, and which legal remedies are not waived by the Defendant seeking injunctive relief."

*Citizens & S. Nat. Bank, Cartersville*, 928 F.2d 1118, 1121 (11th Cir. 1991)). "This enforcement authority covers not only written but also oral settlement agreements." *Sands v. Wagner & Hunt, P.A.*, No. 09-60557-CIV, 2009 WL 2730469, at *2 (S.D. Fla. Aug. 28, 2009).

"A settlement agreement is a contract and, as such, its construction and enforcement are governed by principles of Florida's general contract law." *Schwartz v. Fla. Bd. of Regents,* 807 F.2d 901, 905 (11th Cir. 1987). "The public policy of the State of Florida, as articulated in numerous court decisions, highly favors settlement agreements among parties and will seek to enforce them whenever possible." *Stratos v. AIG Prop. Cas. Co.*, , 2023 WL 5956912 at *9 (quoting *Sun Microsystems of California, Inc. v. Eng'g & Mfg. Sys., C.A.*, 682 So. 2d 219, 220 (Fla. 3d DCA 1996)).

Although there is no final settlement agreement executed by the parties, it cannot be disputed that the parties had entered into a valid and enforceable settlement agreement on March 28, 2024, prior to filing their Notice of Settlement with this Court. "[A]n oral agreement to settle a Title VII claim is enforceable against a plaintiff who knowingly and voluntarily agreed to the terms of the settlement or authorized [her] attorney to settle the dispute." *Lobeck v. City of Riviera Beach*, 976 F. Supp. 1460, 1464 (S.D. Fla. 1997). The mere lack of a signed agreement in this case does not foreclose the existence of an enforceable settlement agreement. *See Id*.

Here, the clear intent of the parties to enter into a settlement agreement is demonstrated by the parties' Joint Notice of Settlement. [D.E. #32]. "The parties reached a binding settlement agreement to resolve their dispute as evidenced by the [March 28, 2024] e-mail exchange between counsel. Those e-mails conveyed the essential terms of the agreement and acceptance." *Miles v. Nw. Mut. Life Ins. Co.*, 677 F. Supp. 2d 1312, 1316 (M.D. Fla. 2009) (finding intent to be bound by terms articulated in the email from the parties' agreement to file a notice of

settlement with the court). Those terms included plaintiff's execution of a general release and settlement agreement which included Defendant's standard non-disparagement clause, a provision specifically discussed and ultimately agreed to by Plaintiff's counsel. Because both parties assented to the terms of settlement, as evidenced in the March 28, 2024 email (*See* Exhibit 1), a binding agreement was reached, and this Court should enforce settlement agreement. See *Swisher Int'l, Inc. v. Encore Vapor, Inc.*, No. 3:16-CV-437-J-32PDB, 2018 WL 707421, at *4 (M.D. Fla. Feb. 5, 2018) (the fact that the parties continued to negotiate non-essential or non-material terms of the settlement, such as a non-disparagement clause, did not preclude the court from finding the parties reached a binding settlement).

WHEREFORE, Defendant, FLORIDA ATLANTIC UNIVERSITY BOARD OF TRUSTEES ("FAU"), respectfully requests this Honorable Court enter an Order enforcing the settlement agreement and requiring the Plaintiff to execute and deliver to the Defendant the General Release and Settlement Agreement, inclusive of FAU's standard language for the non-disparagement clause, and any other relief deemed appropriate.

I HEREBY CERTIFY that on this 15th day of April, 2024, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

WYDLER LAW
*Attorneys for Defendant*
2600 Douglas Road, PH-4
Coral Gables, FL 33134
(305) 446-5528
(305) 446-0995 (fax)

BY  /s/  Lourdes Espino Wydler
       LOURDES ESPINO WYDLER
       F.B.N.: 719811
       lew@wydlerlaw.com

Secondary E-mails:
dinah@wydlerlaw.com
guertty@wydlerlaw.com

## **SERVICE LIST**

Teri Guttman Valdes, Esq.
FBN:  0010741
TERI GUTTMAN VALDES LLC
1501 Venera Avenue, Suite 300
Coral Gables, FL 33146
(305) 740-9600
(305) 740-9202 (fax)
tgvaldes@aol.com
*Attorneys for Plaintiff*